FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 08, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CASSANDRA GEORGE,<br><br>Defendant. | No. 2:24-CR-00073-RHW-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER ORDER REMANDING DEFENDANT TO CUSTODY OF U.S. MARSHALS SERVICE<br><br>**MOTION DENIED**<br>**(ECF No. 172)** |

Before the Court is Defendant CASSANDRA GEORGE's Motion to Reconsider Order Remanding Defendant to Custody of U.S. Marshals Service, **ECF No. 172**. Specifically, Defendant seeks release under the "exceptional reasons" provision of 18 U.S.C. §3145(c). The United States opposes Defendant's release.

The Court considered Defendant's Motion to Reconsider Order Remanding Defendant to Custody of U.S. Marshals Service, **ECF No. 172**; the United States' Response to Defendant's Motion for Release Pending Sentencing, ECF No. 181; Defendant's Reply- Motion to Reconsider Order Remanding Defendant, ECF No. 184; the Pretrial Services Report, ECF No. 9; the Indictment, ECF No. 1; the Court's Order Following Detention Review Hearing, ECF No. 27; the Court's Order Following Detention Review Hearing, ECF No. 29; the Court's Order Modifying Order Following Detention Hearing, ECF No. 40; the Jury Verdict,

ORDER - 1

ECF No. 157; the Order Remanding Defendant to Custody of U.S. Marshals Service, ECF No. 160; the Order Granting Defendant's Motion to Expedite and Denying Defendant's Emergency Motion for Furlough, ECF No. 165; and the record and file in this case. The Court has also considered the procedural history of the case as set forth below:

### I.    DETENTION HEARING

The Court held a detention hearing on July 15, 2025. After considering the 18 U.S.C. § 3142(g) factors, the Court concluded:

> The Court finds: 1) the release conditions imposed in this Order are both a sufficient combination of conditions that will reasonably assure Defendant's appearance at future proceedings and a sufficient combination of conditions that will reasonably assure the safety of other persons and the community if Defendant is released; and 2) the Government, by way of its non-opposition to the Defendant's motion, concurs that the release conditions imposed in this Order are both a sufficient combination of conditions that will reasonably assure Defendant's appearance at future proceedings and a sufficient combination of conditions that will reasonably assure the safety of other persons and the community if Defendant is released..

ECF No. 29 at 2. Defendant then successfully completed inpatient treatment and filed an Unopposed Motion to Reopen Detention Hearing and Set Conditions of Release, ECF No. 39. The Court granted the Unopposed Motion, ECF No. 40, and Defendant remained on pretrial release until the trial in this case.

### II.    JURY VERDICT

On May 13, 2026, a jury returned a verdict finding Defendant guilty of Assault with a Dangerous Weapon in Indian Country, in violation of 18 U.S.C. §§113(a)(3), 1153 (Count One); and Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§113(a)(6), 1153 (Count Two). ECF No. 157. Following the verdict, Senior Judge Whaley issued an order remanding Defendant to the custody of the U.S. Marshals Service. ECF No. 160. A

ORDER - 2

sentencing hearing is set before Senior Judge Whaley on August 12, 2026.  ECF No. 159.

### III.    RELEASE WHILE AWAITING IMPOSITION OF SENTENCE

Given the guilty verdict against Defendant and the pending sentencing hearing, Defendant's temporary release must be evaluated pursuant to 18 U.S.C. § 3143(a)(2).  In relevant part, 18 U.S.C. § 3143(a)(2) provides:

> The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C)[1] of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>
> (A) (i)    the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (A) (ii)    an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B)    the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Pursuant to 18 U.S.C. § 3143(a)(2), Defendant's post-guilty verdict detention is mandatory under the circumstances of this case:  Defendant was found guilty by a jury of two crimes of violence (offenses listed in 18 U.S.C. § 3142(f)(1)(A)); the presiding District Judge remanded Defendant to custody pursuant to 18 U.S.C. § 3143 (ECF No. 160), meaning the presiding judicial officer has not found a substantial likelihood that a motion for acquittal or new trial

---

[1] Both of the offenses of conviction are crimes of violence and thus fall under 18 U.S.C. § 3142(f)(1)(A).

ORDER - 3

will be granted; and no attorney for the Government has recommended that no sentence of imprisonment be imposed on Defendant.[2]

## IV.    RELEASE FOR EXCEPTIONAL CIRCUMSTANCES

Notwithstanding Defendant's mandatory detention pursuant to 18 U.S.C. § 3143(a)(2), Defendant may still be released, whether temporarily or until sentencing, if exceptional circumstances exist under 18 U.S.C. § 3145(c). Specifically, 18 U.S.C. § 3145(c) provides:

> A person subject to detention pursuant to [18 U.S.C.] 3143(a)(2) or (b)(2) who meets the conditions of release set forth in [18 U.S.C.] section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why a person's detention would not be appropriate.

*Id*. In relevant part, 18 U.S.C. § 3143(a)(1) provides:

> Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142 (b) or (c).

18 U.S.C. § 3143(a)(1).

Defendant argues she should be released due to exceptional circumstances, specifically contending: 1) Defendant's conduct was aberrant; and, 2) Defendant has an ongoing need for substance abuse treatment. ECF No. 172. Defendant relies heavily on *U.S. v. Garcia* to support her argument that exceptional reasons

---

[2] Both of the offenses of conviction carry a potential penalty of up to ten years of imprisonment. ECF No. 3.

ORDER - 4

exist because she is the type of defendant who "may have acted 'violently, but uncharacteristically, in reaction to an unusually provocative circumstance.'" ECF No. 172 at 4, citing *United States v. Garcia*, 340 F.3d 1013, 1019 (9th Cir. 2003).

The United States argues Defendant cannot meet her burden of proof to show exceptional circumstances warrant her release under 18 U.S.C. § 3145(c). The Government contends the circumstances of the crime Defendant has been found guilty of were not "truly unusual" or "highly unusual" as contemplated by *U.S. V. Garcia*. ECF No. 181 at 5. The Government further asserts any need for ongoing substance abuse treatment fails to meet the standard for exceptional circumstances. *Id.* at 8.

## V.    ORDER

The Court has fully considered Defendant's Motion to Reconsider Order Remanding Defendant to Custody of U.S. Marshals Service, **ECF No. 172** ; the United States' Response to Defendant's Motion for Release Pending Sentencing, ECF No. 181; Defendant's Reply- Motion to Reconsider Order Remanding Defendant, ECF No. 184; the Pretrial Services Report, ECF No. 9; the Indictment, ECF No. 1; the Court's Order Following Detention Review Hearing, ECF No. 27; the Court's Order Following Detention Review Hearing, ECF No. 29; the Court's Order Modifying Order Following Detention Hearing, ECF No. 40; the Jury Verdict, ECF No. 157; the Order Remanding Defendant to Custody of U.S. Marshals Service, ECF No. 160; the Order Granting Defendant's Motion to Expedite and Denying Defendant's Emergency Motion for Furlough, ECF No. 165; and the record and file in this case. The Court has also again considered pursuant to 18 U.S.C. § 3142:  1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the

ORDER - 5

community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release.  Finally, the Court has considered Defendant's current detention pursuant to 18 U.S.C. § 3143(a)(2); whether Defendant otherwise meets the conditions of release set forth in 18 U.S.C. § 3143(a)(1); and whether any exceptional circumstances exist under 18 U.S.C. § 3145(c).

Defendant has not shown any exceptional circumstances exist to justify her release at this time.  Defendant's lack of prior violent criminal history and desire to participate in ongoing substance abuse treatment do not rise to the level of making it "unreasonable to incarcerate [her] prior to the appellate court's resolution of [her] appeal."  *Garcia*, 340 F.3d at 1019.  There is nothing particularly unusual about the circumstances of the underlying offense, let alone "truly unusual" or "highly unusual."  Nor does a need for ongoing substance abuse treatment qualify as an exceptional circumstance.

Based on the foregoing, the Court finds:  Defendant is currently detained pursuant to 18 U.S.C. § 3143(a)(2); Defendant cannot establish by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community if released; and, in any event, no exceptional circumstances exist that justify Defendant's temporary release from custody. Defendant, by her own past actions and by virtue of the commission of the serious offenses to which she has now been found guilty, has a created a record that presently forecloses her release to the community.

**IT IS ORDERED:**

1.    Defendant's Motion to Reconsider Order Remanding Defendant to Custody of U.S. Marshals Service, **ECF No. 172** is **DENIED.  Defendant shall**

ORDER - 6

**REMAIN IN CUSTODY pursuant to the prior Order Remanding Defendant to Custody of U.S. Marshals Service, ECF No. 160.**

**IT IS SO ORDERED.**

DATED July 8, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7